REDMANN, Judge.
Johnny Collins and Elvin D. Jordan;, Jr. appeal from judgments dismissing their separate but consolidated suits against Singer Lumber Company, Inc. and its insurer for personal injuries sustained in a collision between Collins’ car and Singer’s truck.
The collision occurred as the vehicles were proceeding in opposite directions on a New Orleans street. The question is, which vehicle crossed over the center line.
The dirt dislodged by the impact was situated two to three feet inside the truck’s lane. Damage to the truck included denting of the central portion of its left running board, and bending back of some bunched heavy iron rods which projected below the bottom of the stake body at about the middle of the truck’s left side. The stake body on the right side had, as a result of the first collision, collided with the windshield of a car parked on the truck’s right. Collins’ car was damaged on the left front and side.
We are unable to reconcile, with these physical circumstances, plaintiffs’ testimony that the truck came out, as from a parked position on its own side of the street, and crossed the center line and ran into their car.
*155 Plaintiffs’ argument, relative to claimed weaknesses of the truck driver’s testimony and to the police officer’s agreement that the car’s coming to rest in the truck’s lane might be explained other than by the collision taking place there, does not explain how the debris from impact fell in the truck’s lane, or the other circumstances recited above.
In our opinion, the only explanation is that the car itself (conceivably due to an immediately prior collapse of its left front wheel) crossed the center line into the truck’s lane, striking the truck and knocking it to its right into the adjacent parked car. We conclude the truck driver did nothing which caused or contributed to the accident.
Accordingly, the judgments dismissing plaintiffs’ suits are affirmed at plaintiffs’ costs.
Affirmed.